## Organ, Appellant, v. McCleman.

*Negligence—Collision with vehicle—City street—Infant—Nonsuit.*

In an action by a twelve year old boy to recover damages for personal injuries, a nonsuit was properly entered where it appeared that the plaintiff, who was playing handball on a city sidewalk, ran backwards towards the curb, and while leaning over it with upraised hands to catch the ball was injured by falling between the front and rear wheels of defendant's wagon, which was being driven slowly along the street close to the sidewalk.

Argued March 25, 1914. Appeal, No. 19, Jan. T., 1914, by plaintiff, from judgment of C. P. No. 3, Philadelphia Co., March T., 1911, No. 4184, entering compulsory nonsuit in case of Frederick Organ, by his Father and Next Friend Daniel E. Organ and Daniel E. Organ, in his own right, v. Henry A. McCleman and William G. McCleman, Trading as H. A. McCleman and Brother. Before BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Trespass for personal injuries. Before FERGUSON, J.

The opinion of the Supreme Court states the case.

The court entered a compulsory nonsuit which it subsequently refused to take off. Plaintiff appealed.

*Error assigned* was the refusal of the court to take off the compulsory nonsuit.

1914.]               Opinion of the Court.

*Thomas A. Fahy,* with him *Walter T. Fahy,* for appellants.

*Frank P. Prichard,* with him *James Wilson Bayard,* for appellees.

PER CURIAM, May 4, 1914:

Frederick Organ, twelve years of age, was playing handball with two companions on a sidewalk in the City of Philadelphia. In trying to catch a ball that had rebounded from the wall of a house, he ran backward towards the curb. When he reached the curb and was evidently leaning over it with upraised hands to catch the ball, he came in contact with a wagon of the appellees between the front and rear wheels. The rear wheel passed over one of his arms, and for the injuries sustained this action was brought. There was not the slightest evidence of any negligence on the part of the appellees' driver. He was driving his wagon slowly along the street, and there was nothing negligent in his being close to the sidewalk. What happened could not reasonably have been foreseen by him, and he was not, therefore, required to guard against it. The case is one of an unfortunate accident, resulting from boyish play, and no responsibility for it attached to the appellees.

Judgment affirmed.